IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR197 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| PATRICIA GARCIA-PARDO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 21) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing No. 11) filed by the Defendant, Patricia Garcia-Pardo, be granted in part and denied in part. Garcia-Pardo filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 25, 26) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Garcia-Pardo is charged in a two-count Indictment with fraudulent use of a social security card (Count I); and possession of another's social security number during and in relation to the felony charged in Count I (Count II). (Filing No. 1.) Garcia-Pardo seeks the suppression of evidence obtained as a result of her statements made to law enforcement officers on April 16, 2008.

Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law and a brief Report and Recommendation. (Filing No. 20 ("Tr."), at 103-12; Filing No. 21.) Judge Thalken concluded: the initial encounter was voluntary; Garcia-Pardo was not in custody when she was asked about her identity and provided certain documents to the officers; and Garcia-Pardo was in custody once Deputy Bell told her to call her husband to come to the home due to their small child. Judge Thalken concluded

that Garcia-Pardo's statements made before she was told to call her husband need not be suppressed but that any statements made after that time should be suppressed. Judge Thalken therefore recommended that the motion to suppress be denied as to any statements made or evidence obtained before Garcia-Pardo was told to call her husband and granted with respect to any statements made after that point.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter. (Tr. at 103-07.) The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 20.) The Court also carefully viewed the evidence. (Filing No. 17.) Garcia-Pardo objects to Judge Thalken's factual summary. As stated below, however, based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, on April 16, 2008, three law enforcement officers went to Garcia-Pardo's trailer home, as they had information that she was fraudulently using another person's social security number. Garcia-Pardo invited the officers into her home. She answered

questions and provided documents. At some point an officer told her to call her husband, as an infant child needed to be cared for upon Garcia-Pardo's arrest.

## ANALYSIS

### *Facts*

Garcia-Pardo objects to Judge Thalken's factual summary, arguing that pertinent facts were not included. (Filing Nos. 25, 26.) The suggested facts are not all entirely accurate and in part are self-serving and argumentative. Judge Thalken's factual statement is thorough, objective, and sufficient for purposes of the motion to suppress. Therefore, the objections to Judge Thalken's factual findings are denied.

### *Custody*

Garcia-Pardo argues that she was in custody when she was told to restrain her dogs and when she answered incriminating questions. Specifically, Garcia-Pardo argues that she was never told she was free to leave, had no freedom of movement, did not initiate the contact or voluntarily acquiesce, was arrested after being questioned, and that the atmosphere was police-dominated.

In *United States v. Griffin,* 922 F.2d 1343 (8th Cir. 1990), the Eighth Circuit discussed the issue of custody at length and stated that in determining whether a defendant was in custody at a given time a court should view the totality of the circumstances, including physical and psychological restraints placed on the defendant and whether a reasonable person in the defendant's position would have understood the situation to be one of custody. *Id.* at 1347. The Eighth Circuit court stressed that a situation does not become custodial only because a suspect has become a focus of an investigation that includes

posing inculpatory questions. *Id.* at 1348. The *Griffin* court listed relevant factors as follows, noting that the list is nonexhaustive:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*Id.* at 1349.

Application of these factors to this case shows: Garcia-Pardo was free to leave, although she was not told that she was free to leave; Garcia-Pardo was free to move about during the encounter, and during that time for example she cared for her infant child; Garcia-Pardo did not initiate the contact but voluntarily answered questions and produced documents; strong-arm tactics and deceptive strategies were not used; the atmosphere was police-dominated in terms of the number of persons present; and Garcia-Pardo was arrested after being questioned. Reading the officers' testimony in its entirety and an analysis of these and all other factors lead this Court to conclude that Garcia-Pardo was not in custody until she was told to call her husband home, as Judge Thalken concluded. The objection to the issue of custody is denied.

## CONCLUSION

For the reasons discussed, the Court finds that the Report and Recommendation should be adopted and the Defendant's objections should be denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 21) is adopted in its entirety;

b. The Defendant's Objections to the Report and Recommendation (Filing No. 25) are denied; and

3. The Defendant's Motion to Suppress (Filing No. 11) is granted in part and denied in part as follows:

   a. the motion is denied as to any statements made or evidence obtained before Garcia-Pardo was told to call her husband;

   b. the motion is granted with respect to any statements made after she was told to call her husband.

DATED this 9th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5